UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EDERICK DILLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH L. WILLIAMS, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-01988-RFB-MDC<br><br>**DISMISSAL ORDER** |

### I.  INTRODUCTION

*Pro se* Plaintiff Ederick Dillard brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated. See ECF No. 1-1. On September 23, 2025, this Court ordered Dillard to update his address by October 23, 2025. See ECF No. 7. That deadline expired without an updated address from Dillard, and his mail from the Court is being returned as undeliverable. See ECF Nos. 8, 10.

### II.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal" of a case. See Thompson v. Hous. Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (citation omitted). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiff to keep court apprised of address); Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Dillard's claims. The third factor, risk of prejudice to the Defendants, also weighs in favor of dismissal because a presumption of injury arises from an unreasonable delay in filing a pleading ordered by the Court. See Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); see also Pagtalunan v. Galaza, 291 F.3d 639, 643 & 643 n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but they must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed without the ability for the Court and the Defendants to send Dillard case-related documents, filings, and orders—and litigation cannot progress without Dillard's compliance with the Court's orders—the only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even reach Dillard is low, so issuing a second order would only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal. Having thoroughly considered these factors, the Court finds that they weigh in favor of dismissal.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice based on Dillard's failure to file an updated address in compliance with this Court's September 23, 2025, Order. See ECF No. 7.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Dillard wishes to pursue his claims, he must file a complaint in a new case and provide the Court with his current address.

**IT IS FURTHER ORDERED** that Dillard may move to reopen this case and vacate the judgment by filing a motion for reconsideration within 30 days of the entry of this Order. In this motion, Dillard would need to explain the circumstances that led to him not being able to update his address as directed by the Court. If the Court finds there is good cause or a reasonable explanation for the failure, the Court will reopen the case and vacate the judgment.

**DATED:** November 26, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**